IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

SHERENA TURNER,

    Plaintiff,

v.

FLORIDA PREPAID COLLEGE BOARD,
a public body corporate,

    Defendant.
_____/

CASE NO. 11-CA 3701
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, SHERENA TURNER, hereby sues Defendant, FLORIDA PREPAID COLLEGE BOARD, a public body corporate, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes; 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, SHERENA TURNER, has been a resident of the State of Florida and was employed by Defendant in Tallahassee, Leon County, Florida. Plaintiff is a member of a protected class because of her race (black) and the fact that she opposed unlawful practices and was the victim of retaliation thereafter.

COMPOSITE EXHIBIT "A"



4. At all times pertinent hereto, Defendant, FLORIDA PREPAID COLLEGE BOARD, a public body corporate, has been organized and existing, or operating, under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially hired on or about March 2008 and was employed as a Financial Analyst I. She was under the supervision of Will Thompson (white). During her first two annual performance evaluations, Plaintiff received high marks.

7. Beginning in or about August 2010, Plaintiff was required to document via email to Thompson, when she arrived and departed the office and when she took breaks. No other non-black employees were required to submit similar emails, upon information and belief.

8. During 2010, Defendant, via Thompson, began to document perceived deficiencies in Plaintiff's work product. Other non-black employees had similar minor deficiencies, however were not written-up or subjected to the same level of corrective discipline as was Plaintiff.

9. On or about November 4, 2010, Plaintiff was evaluated, despite that it was not time for her annual evaluation. Thompson purposefully rated Plaintiff poorly and placed her on a 60 day probationary Performance Improvement Plan. Thereafter, Defendant began to explicitly document and detail the most minor of infractions, including failing to list a subtotal on a deposit slip. This was an intentional effort to enure that Plaintiff was terminated during her probation.

10. In or about late December or early January 2010, Plaintiff requested leave and was granted this request. The leave was afterwards extended to include absences up to and including January 18, 2010.

11. During her absence, on or about January 8, 2010, Plaintiff sent an email to Defendant detailing her perception that Thompson was singling her out in part because of her race.

12. On or about January 18, 2010 Plaintiff, was fired.

13. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq..

## COUNT I

## RACE DISCRIMINATION

14. Paragraphs 1 through 13 are realleged and incorporated herein by reference.

15. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq..

16. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are not black and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

17. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above

because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

18. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

19. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

20. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq..

21. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

### RETALIATION

22. Paragraphs 1 through 13 are hereby realleged and reincorporated as if set forth in full herein.

23. Defendant is an employer as that term is used under the applicable statutes referenced above.

24. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq..

25. The foregoing unlawful actions by Defendant were purposeful.

26. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

27. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

28. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

29. As a direct and proximate cause of Plaintiff's opposition to unlawful employment practices, he has been damaged, which damages include but are not limited to lost wages and other tangible job benefits plus attorneys fees and costs, and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. These losses are permanent and continuing. Plaintiff is also entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) All damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 23rd day of December, 2011.

Respectfully submitted,

Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

EEOC Form 161 (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sherena M. Turner
2326 Hartsfield Way
Tallahassee, FL 32303

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2011-00150 | Ina Depaz, State & Local Coordinator | (305) 808-1752 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

MALCOLM S. MEDLEY,
District Director

SEP 20 2011

(Date Mailed)

Enclosures(s)

cc: **FLORIDA PREPAID COLLEGE BOARD**
c/o Michael Riley, Esq.
Gray & Robinson Attorney at Law
301 South Bronough Street, Ste 600
Tallahassee, FL 32301

Marie Mattox, Esq.
310 East Bradford Road
Tallahassee, FL 32303

# Fla. R. Civ. P. 1.997 Civil Cover Sheet

This civil cover sheet and the information contained in it do not replace or supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to FS 25.075 (see instructions for completion).

## I. CASE STYLE

(Name of Court) Leon

Sherero Turner
Plaintiff

Case #: 10 11 CA 3701

vs. Florida Prepaid College Board
Defendant

Judge: Francis

## II. TYPE OF CASE

If the case fits more than one type of case, select the most definitive category. If the most descriptive label is a subcategory (indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ **Condominium**
- ☐ **Contracts and indebtedness**
- ☐ **Eminent domain**
- ☐ **Auto negligence**
- ☐ **Negligence - other**
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability—commercial
  - ☐ Premises liability—residential
- ☐ **Products liability**
- ☐ **Real property/Mortgage foreclosure**
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 - $50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,000 or more
  - ☐ Other real property actions $0 - $50,000
  - ☐ Other real property actions $50,001 - $249,999
  - ☐ Other real property actions $250,000 or more
- ☐ **Professional malpractice**
  - ☐ Malpractice - business
  - ☐ Malpractice - medical
  - ☐ Malpractice - other professional
- ☐ **Other**
  - ☐ Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge—statute or ordinance
  - ☐ Constitutional challenge—proposed amendment
  - ☐ Corporate trusts
  - ☒ Discrimination—employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

Rev. 10/15/2009 by SC08-1141

III. REMEDIES SOUGHT (check all that apply):
- [x] monetary
- [x] non-monetary declaratory or injunctive relief
- [ ] punitive

IV. NUMBER OF CAUSES OF ACTION (specify): [2]

Race discrimination
Retaliation

V. IS THIS CASE A CLASS ACTION LAWSUIT?
- [ ] yes
- [x] no

VI. HAS NOTICE OF ANY KNOWN RELATED CASES BEEN FILED?
- [x] no
- [ ] yes   If "yes", list all related cases by name, case number, and court:

VII. IS A JURY TRIAL DEMANDED IN COMPLAINT?
- [x] yes
- [ ] no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____
Attorney or party

Fla. Bar # __0739685__
(Bar # if attorney)

Marie A. Mattox
(type or print name)

Date 12/23/2011

# RETURN OF SERVICE

State of FL          County of Leon          Circuit Court/Second Judicial Circuit Court

Case Number: 11-CA-3701

Plaintiff:
**Sherena Turner**

vs.

Defendant:
**Florida Prepaid College Board, a public body corporate**

For:
Marie Mattox
Marie A. Mattox, P.A.
310 East Bradford Rd.
Tallahassee, FL 32303

Received by Process & Recovery Services, Inc. on the 5th day of January, 2012 at 1:30 pm to be served on **Division Of Risk Management Department of Financial Services, 200 E. Gaines St., Tallahassee, Leon County, FL 32399**.

I, William Jake Lord, do hereby affirm that on the **13th day of January, 2012** at **12:00 pm, I:**

served a **PUBLIC AGENCY** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Lula Kelly** as **Senior Word Processor** for **Division Of Risk Management Department of Financial Services** at the address of: **200 E. Gaines St., Tallahassee, Leon County, FL 32399** and informing said person of the contents therein.

**Service Fee Items:**
| | |
|---|---|
| Leon County Fee | $25.00 |
| Total | $25.00 |

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

William Jake Lord
Process Server #067

Process & Recovery Services, Inc.
3603 Monmouth Ct.
Tallahassee, FL 32308
(850) 508-5261

Our Job Serial Number: PRC-2012000123

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4g

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND LEON COUNTY, FLORIDA

SHERENA TURNER,

    Plaintiff,

vs.

                                  Case No. 11-CA 3701

FLORIDA PREPAID COLLEGE BOARD,
a public body corporate,

    Defendant.

## Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **DIVISION OF RISK MANAGEMENT**
    **Department of Financial Services**
    **200 East Gaines Street**
    **Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____DEC 2 7 2011_____, 2011.

                                                      CLERK OF THE CIRCUIT COURT

                                                      By: _____
                                                            Deputy Clerk.

[Stamp: CERTIFIED PROCESS SERVER # 067, SECOND JUDICIAL CIRCUIT COURT OF FLORIDA, DATE SERVED 1-13-12, TIME 12:00, L.K.]

# RETURN OF SERVICE

State of FL                County of Leon                Circuit Court/Second Judicial Circuit Court

Case Number: 11-CA-3701

Plaintiff:
**Sherena Turner**
vs.
Defendant:
**Florida Prepaid College Board, a public body corporate**

For:
Marie Mattox
Marie A. Mattox, P.A.
310 East Bradford Rd.
Tallahassee, FL 32303

Received by Process & Recovery Services, Inc. on the 10th day of January, 2012 at 1:30 pm to be served on **Florida Prepaid College Board c/o Thomas J. Wallace, Executive Officer/Corporate Secretary of the Board, 1801 Hermitage Blvd. Ste. 210, Tallahassee, Leon County, FL 32308.**

I, William Jake Lord, do hereby affirm that on the **13th day of January, 2012** at **10:05 am**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Robin Hindle** as **Administrative Assistant** for **Florida Prepaid College Board**, at the address of: **1801 Hermitage Blvd. Ste. 210, Tallahassee, Leon County, FL 32308**, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**
| | |
|---|---|
| Leon County Fee | $25.00 |
| Total | $25.00 |

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

William Jake Lord
Process Server #067

Process & Recovery Services, Inc.
3603 Monmouth Ct.
Tallahassee, FL 32308
(850) 508-5261

Our Job Serial Number: PRC-2012000124

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4g



IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND LEON COUNTY, FLORIDA

SHERENA TURNER,

    Plaintiff,

vs.

FLORIDA PREPAID COLLEGE BOARD,
a public body corporate,

    Defendant.

Case No. 11-CA 3701

## Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**FLORIDA PREPAID COLLEGE BOARD**
c/o Thomas J. Wallace, Executive Officer/Corporate Secretary of the Board
1801 Hermitage Boulevard, Suite 210
Tallahassee, FL 32308

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on **DEC 2 7 2011**, 2011.

CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk.